Nash, J.
 

 The writ in this cause was originally filled up in case, and returned to Burke Superior Court of Law, at the Spring Term, 1842. The cause was continued until the Fall Term, 1844, when, on motion of the plaintiff by his counsel, he was permitted to amend his writ
 
 by
 
 changing it from
 
 case to debt.
 
 The defendant complains of this amendment and appeals to this Court for the purpose of having it set aside.
 

 It is very obvious,from the phraseology of our act of amendment, that the power of a court, where a cause is pending, to make amendments, is a discretionary one. The words are: “ The court, in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before final judgment rendered thereon.” Rev. Stat. chap. 3, sec. 1. It is difficult to conceive words more comprehensive, or more expressive of the grant of a power, to be exercised at the discretion of those to whom it is granted. Many cases have been in this Court upon the subject of amendments, and it has uniformly been decided that the court, before whom the cause was
 
 *11
 
 pending, might, in the language of the act of 1790, amend any thing at anytime. In the case of
 
 McLure v. Burton,
 
 1 Law Rep. 472, the writ was amended by striking out some of the defendants. In
 
 Grandy v. Sawyer,
 
 2 Hawks 61, the writ was amended by striking out some of the plaintiffs and inserting others. In
 
 Davis
 
 v.
 
 Evans,
 
 1 Law Rep. 499, an amendment was made, even after a special demurrer was filed. The last case on this subject, in this Court, was that of
 
 Green and others
 
 v.
 
 Deberry,
 
 2 Ired. Rep. 344. It was an action of de-tinue, originally brought in the name of Green alone. The writ was returned to the Spring Term, 1840, of Montgomery Superior Court. At the succeeding Fall Term the pleadings were made up, and at the Fall Term, 1842, the plaintiff, on his motion, was permitted to amend his writ, by inserting the names of the other plaintiffs. From the order, allowing this amendment, the defendant was permitted to appeal to this Court, when the order below was affirmed. The Court, in rendering their judgment, say, that the words of the first section of the 3d chap, of the Revised Statutes “ confer plenary authority, while a cause is pending, to make any and every amendment, upon such terms as shall seem just to that court.”
 

 In delivering the opinion of the Court the Chief Justice observes : “ It has been very often mentioned by us, that this Court would not undertake to revise an order, made in the exercise of a discretion of the Superior Court” — and in the case of
 
 The State
 
 v.
 
 Lamon,
 
 3 Hawks 135, the Court expressly say, that no appeal lies from an act done by a Superior Court in the exercise of a legal discretion. That this is the exercise of a discretionary power, is evident from the act itself, and the various decisions which have been made under it and the act of 1790, which are before referred to.
 

 ■Whether, in this particular case, the power has been judiciously exercised, is not for us to say. His Honor below thought it a case calling for his interference. The law gave him the power to grant the amendment, and he has done so, upon the terms he thought just.
 

 
 *12
 
 It must therefore be certified to the Superior Court of Burke, that there is no error in the order appealed from.
 

 Per. Curiam, Ordered accordingly.